UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: 19-11952-DF | ) | Chapter 7 Proceeding |
| | ) | |
| **Apollo Silva Gomes and Nicole Lee Gomes** | ) | |
| Debtors | ) | |
| | ) | |
| **Ditech Financial LLC** | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Apollo Silva Gomes and Nicole Lee Gomes** | ) | |
| and Charles A. Pisaturo, Jr. | ) | |
| Respondents | ) | January 27, 2020 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Ditech Financial LLC (the "Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 135 Old Voluntown Road, Exeter, Rhode Island 02822 (the "Property"). In further support of this Motion, the Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on December 31, 2019.

2. Documentation provided is in support of right to seek a lift of stay and foreclose if necessary. Ditech Financial LLC services the loan on the property referenced in this Motion for Relief from Stay. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Ditech Financial

LLC. Said entity directly or through an agent, has possession of the promissory note. The promissory note is either made payable to said entity or has been duly endorsed. Said entity is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

3. On February 20, 2015, Apollo S. Gomes and Nicole Lee Gomes executed a promissory note in the original principal amount of $260,691.00 in favor of Province Mortgage Associates, Inc. A copy is attached hereto as Exhibit A. The Movant is an entity entitled to enforce the Note and the Mortgage (defined below).

4. Pursuant to that certain (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

5. The Mortgage has been assigned to the Movant pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit C.

6. Upon information and belief, the Property was owned by the Debtor(s as of the date of the filing of the petition.

7. There is no other collateral securing the Debtors' obligation to the Movant.

8. Schedule C of the Debtor's Voluntary Petition lists an exemption in the amount of $19,000.00.

9. As of January 6, 2020, the date and amount of the last payment paid on the subject Mortgage was November 30, 2019 in the amount of $1,913.14.

10. As of January 6, 2020 the loan is contractually due for the February 1, 2019 through January 1, 2020 payments for a total payment arrearage of $22,656.27, broken down as follows: 4 payments (2/1/19-5/1/19) each in the amount of $2,057.93 and 7 payments (6/1/19-12/1/19) each in the amount of $2,060.65.

11. As of January 6, 2020, the approximate outstanding debt on said note and mortgage owed the Movant was $256,664.45, plus interest, late charges, collection costs, and reasonable attorney's fees.

12. The estimated market value of the Property is $275,000.00. The basis for such valuation is Debtor's Schedule A/B. The estimated liquidation value of the Property is $256,700.00, calculated as the fair market value less (i) a reasonable realtor's fee of 6% ($16,500.00); (ii) conveyance taxes of $1,100.00; and (iii) anticipated closing costs associated with a real estate closing of $700.00.

13. The Debtor's Schedule D reveals there are no additional encumbrances on the Property.

14. The Movant is entitled, pursuant to 11 U.S.C. § 362(d)(1), to relief from automatic stay for cause, including lack of adequate protection of its interest in the subject property.

15. The Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362 (d)(2)(a) and (b) because there is no equity for the Debtor in such property, and such property is not necessary for an effective reorganization of said Debtor.

16. The Movant also requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement the requested order modifying the automatic stay.

17.　　The Movant hereby gives notice that upon the granting/consideration of this motion, it may assess the Debtor's account with reasonable attorney's fees plus costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Automatic Stay. The note and mortgage previously referred to in this motion contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

　　　WHEREFORE, the Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.　　Relief from the stay allowing the Movant to foreclose its mortgage on the Property or, in lieu of foreclosure, the Movant or its servicing agent, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor. The Movant further moves for relief so that it or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement and in the event the Debtor receives a discharge any such agreement shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

2.　　That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.　　That the Movant be allowed to assess the Debtor's account with reasonable attorney's fees plus any filing fee incurred in connection with the preparation, filing, and prosecution of this Motion for Relief from Automatic Stay.

4. For such other relief as the Court deems proper.

Ditech Financial LLC

By /s/ Derek A. Castello
Derek A. Castello
Bar No. 9529
The Movant's Attorney
Bendett & McHugh, PC
60 Man-Mar Drive, Suite 7
Plainville, MA 02762
Phone: (860) 677-2868
Fax: (860) 409-0626
Email: BKECF@bmpc-law.com

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006 (f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI  02903, (401) 626-3100.  If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.